E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2652
    Facsimile:   (213) 894-0141
    E-mail:      Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00414-SB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | |
| CLIFFORD HOPSON, | Hearing Date:  January 24, 2022<br>Hearing Time:  8:00 a.m.<br>Location:  Courtroom of the Hon. Stanley Blumenfeld Jr. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jason C. Pang, hereby files its Sentencing Position.

/ / /

/ / /

/ / /

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 19, 2022

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


   /s/
JASON C. PANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 22, 2022, defendant Clifford Hopson pled guilty to committing Theft in Connection with Health Care, in violation of 18 U.S.C. § 669(a). (Dkts. 1, 3, 15.) He will be sentenced by the Court on January 24, 2022.

The United States Probation and Pretrial Services Office ("USPO") has filed a presentence investigation report ("PSR") calculating a total offense level of 4 and a Criminal History Category of I, resulting in a guidelines range of zero to six months. The government concurs with USPO's recommendation of one year of probation, a special assessment of $25, a restitution amount of $39.71, and a total fine of $4,000.

## II. STATEMENT OF FACTS

On or about August 26, 2020, defendant Clifford Hopson embezzled, stole, and converted approximately $39.71 of monies, funds, and other assets belonging to the International Longshore and Warehouse Union – Pacific Maritime Association Health Care Benefit Plan ("ILWU-PMA Plan"). He did so by obtaining sexual services from a woman employed by the Chiroman Wellness Center, which was operated by Sara Victoria ("Victoria"), and in exchange for receiving those sexual services, authorized Victoria to submit a false claim for reimbursement to the ILWU-PMA Plan for services that defendant knew were not actually rendered, including chiropractic and physical therapy services.

## III. GUIDELINES CALCULATIONS

Based on the above facts, the government calculates the Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1 |
| Acceptance: | -2 | U.S.S.G. § 3E1.1(a)-(b) |

As defendant has no prior criminal convictions, he falls within Criminal History Category I. (PSR ¶¶ 32-33.) A total offense level of 4 and Criminal History Category I results in a guideline sentencing range of 0-6 months of imprisonment and a fine of between $500 to $9,500.

## IV. RECOMMENDED SENTENCE

Applying the mitigating and aggravating facts of the offense and defendant's background and the facts and circumstances of this case to the factors listed in 18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to: one year of probation, a special assessment of $25, a restitution amount of $39.71, and a total fine of $4,000.[1]

The underlying criminal conduct in this case is serious; defendant stole funds from his union healthcare in exchange for sex. In doing so, defendant betrayed his fellow longshoremen who rely on their collectively-funded union healthcare when suffering from actual physical injuries and other ailments that result from physically demanding and dangerous dock work.

However, the seriousness of defendant's conduct must be weighed against mitigating factors, of which there are several. First, defendant's conduct appears to be an aberration in his otherwise law-biding adult life. Defendant had a stable and positive childhood, has supportive family members (including his wife), and has maintained stable employment. While defendant previously abused drugs, he has been clean and sober for decades and currently volunteers to help others who are struggling with drug addiction. As noted above, defendant has no prior criminal convictions. Second, defendant clearly has vocational skills that he can use to obtain new sources of employment following the resolution of this matter, which may reduce the future risk of recidivism. Third, defendant suffers from several serious medical issues, which may require future surgeries and other significant medical treatment. Fourth, defendant quickly and proactively accepted responsibility for his crime by pleading guilty pre-indictment, which demonstrates his recognition of wrongdoing and respect for the law. (PSR ¶¶ 32-33, 38-59.) Accordingly, the government concurs with the USPO's recommendation for a non-custodial sentence of one year of probation.

---

[1] The government will not seek forfeiture as to defendant Hopson.

The USPO also recommends that the defendant pay a total fine of $4,000, which appears to reflect defendant's ability to pay and the approximate cost of supervision by a probation officer for one year of probation (PSR ¶¶ 60-71; 84.) Based on a review of defendant's financial condition, the government concurs with the USPO's recommendation for a $4,000 fine.[2]

## V. CONCLUSION

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to: one year of probation, a special assessment of $25, a restitution amount of $39.71, and a total fine of $4,000.

---

[2] If the Court decides to sentence defendant to a shorter term of probation, then the government's recommendation as to the fine would be proportionally reduced.

3